EFFIE REDNER, Respondent, v. THE LEHIGH AND HUDSON RIVER RAILWAY COMPANY, Appellant.

*Railroad passenger — safe place to enter a train — negligence.*

A railway company is obliged to provide a safe place at which its passengers can embark upon or depart from its trains at all points at which it receives or discharges passengers.

A passageway of boards some three or four inches in width extending from the waiting room to the platform beside which the train stands, is not such a safe place.

A person going along such passageway could have no reasonable anticipation that the person in front of her, going the same way, would, without warning, suddenly turn, and thereby accidentally throw her therefrom.

APPEAL by the defendant, the Lehigh and Hudson River Railway Company, from a judgment of the Supreme Court in favor of the

plaintiff, entered in the office of the clerk of the county of Orange on the 23d day of June, 1893, upon the verdict of a jury for $3,500, rendered at the Orange County Circuit, with notice of an intention to bring up for review on such appeal an order entered in said clerk's office on the 26th day of June, 1893, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*John J. Beattie,* for the appellant.

*John M. Gardner,* for the respondent.

BARNARD, P. J.:

The plaintiff was at the Hudson Junction station waiting for a train of the defendant by which she was to be carried as a passenger to Warwick in Orange county. The station was a small one, but it was one for which the defendant sometimes sold tickets, and at which it permitted passengers to get upon the train. The train was reached by passengers, who waited for the train at the room provided for them, by a very narrow passageway of boards, only some three or four inches in width leading to the platform alongside of which the defendant's cars stood. The station was common to other roads besides the defendant's road, and while the plaintiff was proceeding to the defendant's train some person, other than an employee of defendant, suddenly turned and threw the plaintiff off the narrow step of board and severely injured her. The effect was not designed by the person who threw the plaintiff down, but the passageway was so narrow that the mere unintentional turning of a person was likely to have that effect, and it did so in this case. The obligation of the defendant was to provide a safe place at which the passenger could embark upon and depart from the train at such points as the company received or discharged passengers. (*Hulbert* v. *N. Y. C. R. R.*, 40 N. Y. 145.)

The questions of fact which were disputed have been found in favor of the plaintiff. The plaintiff was entirely free from any lack of care and caution which, as matter of law, could be deemed contributory negligence on her part. She was proceeding in the way that the defendant provided, and could have no reasonable anticipation that a person in front of her, going the same way, would

SECOND DEPARTMENT, DECEMBER TERM, 1893.          [Vol. 73.

suddenly and without warning turn and throw her from this narrow passage.

The judgment and order denying a new trial should, therefore, be affirmed, with costs.

PRATT, J. :

The court correctly held that if defendant used the platform for the reception and discharge of passengers it was bound to take reasonable care to see that it was reasonably safe.

It cannot properly be said that such proof does not meet the issue. The allegation of the complaint, that " plaintiff was on the platform of defendant," does not require for its support proof that the legal title was in defendant.

It is sufficient if it used it in its passenger business. That was abundantly shown.

We think the plaintiff fairly proved her case in other respects. She was corroborated by other witnesses and credited by the jury.

The verdict was moderate in amount and was satisfactory to the Circuit judge.

The judgment and order denying new trial should be affirmed, with costs.